**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARTIN YOHO,** : | |
| : | |
| **Petitioner** : | |
| : | **CIVIL ACTION NO. 3:CV-12-2541** |
| **v.** : | |
| : | **(Judge Mannion)** |
| **WARDEN EBBERT,** : | |
| : | |
| **Respondent** : | |

## MEMORANDUM[1]

Petitioner, Martin Yoho ("Yoho"), an inmate presently confined in the Canaan United States Penitentiary, Waymart, Pennsylvania ("USP–Canaan"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). Along with his petition, Yoho has submitted an application requesting leave to proceed in forma pauperis. The Court will grant Petitioner temporary leave to proceed in forma pauperis for the sole purpose of the filing of his petition with this Court. However, for the reasons outlined below, Yoho's

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

action will be transferred to the United States District Court for the District of Kansas.

On April 20, 2004, Yoho pled guilty in the United States District Court for the Northern District of Oklahoma to bank robbery and interference with interstate commerce, along with aiding and abetting each of these offenses, in violation of 18 U.S.C. §§ 2, 1951, and 2113(a). U.S. v. Yoho, 147 Fed. Appx. 794 (10th Cir. 2005). On July 30, 2004, he was sentenced to a 100 month term of imprisonment, and three years' supervised release. Id.

On December 19, 2012, Petitioner filed the above captioned action, in which he states that "the Federal Prison refuses to file [his] request under the Interstate Agreement on Detainers for appropriate action." (Doc. No. 1, petition). Petitioner lists detainers emanating from Saline County, Kansas, and Brown County, Kansas. (Id.). He states that the "State Attorney refuses to give [him] an appropriate hearing on [his] pending detainers" and that "around eight years have passed and now [he] cannot defend because [he] lost contact with witnesses and [has] no memory of the relevant facts." (Id.). As such, Petitioner believes that he is being "denied due process." (Id.).

Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV–07–472, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007) (Kosik, J.). The Rules are applicable to § 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158–59 (M.D. Pa. 1979).

In pertinent part, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." In this case, it is apparent from the fact of the petition that Yoho cannot seek habeas relief in this Court.

Although a § 2241 petition is "the appropriate procedure under which to challenge the validity of a detainer against an individual in federal custody," Kirkpatrick v. Ohio, Civil Action No. 1:07–CV–2202, 2007 WL 4443219, at *1 (M.D. Pa. Dec.18, 2007) (Conner, J.), the petition must be brought, not in the jurisdiction in which the inmate's current custodian is found, but in the jurisdiction

in which the state official lodging the detainer is located. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). As explained in Graham v. Brooks, 342 F. Supp.2d 256, 261 (D. Del. 2004), "when a federal prisoner challenges his future confinement by challenging a state detainer, the federal warden is not" the prisoner's custodian. Rather, the "petitioner is deemed to be in custody of the state officials lodging the detainer, at least for the purposes of the habeas action." Id. (citing Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004). Graham reiterated that the district court having jurisdiction over the state officer who issued the detainer has habeas jurisdiction over § 2241 petitions filed in such cases. See id. at 261–62.

Even if this Court has concurrent jurisdiction over the challenge to the Kansas detainers, it is evident that Petitioner's claims are best adjudicated in Kansas. A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). In Braden, the Court held that an action by an inmate attacking a detainer lodged by another state may be transferred for the interests to the district court in the state which lodged the detainer. 410 U.S. at 499 n. 15.

4

It is apparent that the United States District Court for the Northern District of Kansas is the proper forum within which to attack the legality of a detainer issued by the State of Kansas and also to answer the question of whether Yoho has exhausted any remedies available to him under Kansas state law. Consequently, this matter will be transferred to the United States District Court for the District of Kansas pursuant to § 1404(a). A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  January 30, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-2541-01.wpd